UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SKYLER DEAN FAWVER,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>NYE COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | Case No.: 2:22-cv-00914-CDS-NJK<br><br>**ORDER**<br><br>[Docket No. 1-1] |

On August 2, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial filing fee of $21.33. Docket No. 4. On August 11, 2022, the Court received Plaintiff's initial filing fee. Docket No. 5. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915.[1]

## I.   BACKGROUND

Plaintiff's complaint includes a single claim, which arises out of his arrest by Nye County Sheriff's Department Deputy Eric Anderson. Docket No. 1-1 at 5. Plaintiff alleges that, on May 10, 2022, he was subjected to unreasonable force when Deputy Anderson arrested him. *Id.* at 5, 12. Plaintiff alleges that Deputy Anderson approached him while he was sitting in his car in a friend's driveway. *Id.* at 5, 11. After running a check on Plaintiff's driver's license, Plaintiff alleges, Deputy Anderson discovered a warrant for Plaintiff and arrested him. *Id.* at 11-12. Plaintiff alleges that, in carrying out his arrest, Deputy Anderson placed him in handcuffs and threw him to the ground, causing his head, shoulder, and arm to hit the concrete and his shirt to rip into two pieces. *Id.* at 5, 12. Plaintiff alleges that, because of the force, he has a severe concussion, scars along his shoulder and arm, and his shirt was destroyed. *Id.* Plaintiff bring his claim for a violation of the Fourth Amendment under 42 U.S.C. § 1983.

---

[1] The Court construes Plaintiff's complaint liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

## II.   STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## III.   ANALYSIS

Use of excessive force during the apprehension of a criminal suspect can violate the Fourth Amendment, which prohibits unreasonable searches and seizures. *See Graham v. Connor*, 490

2

U.S. 386, 395 (1989). However, the Fourth Amendment permits the use of reasonable force during an arrest. *Tatum v. City of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) (quoting *Graham*, 490 U.S. at 396). The dispositive question in determining whether force was excessive is whether the force used was objectively unreasonable under the circumstances. *Graham* 490 U.S. at 388. *See also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005). The analysis "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted).

The objective reasonableness standard does not consider the officer's underlying intent or motivation in its consideration of the facts and circumstances surrounding the force. *Id.* at 397 (citations omitted). In conducting this balance, the Ninth Circuit has said that "the nature and quality of the alleged intrusion" should be considered first and then the Court should consider certain nonexclusive factors, including "(1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (citations omitted).

In screening Plaintiff's claim of excessive force, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 995, 957 (9th Cir. 1996). The Court finds that Plaintiff's complaint fails to state a colorable Fourth Amendment violation. To survive screening, a complaint must "include enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.

Plaintiff's complaint does not provide enough factual allegations to allow the Court to assess whether a colorable claim exists, as Plaintiff provides inadequate information to allow the Court to determine both the nature and quality of the intrusion and what government interests were at stake in this interaction. *See, e.g.*, *Wimberley v. Reno Police Dep't*, 2015 U.S. Dist. LEXIS 62361, at *4-7 (D. Nev. Apr. 17, 2015) (recommending dismissal with leave to amend for excessive force complaint for, *inter alia*, failing to allege sufficient facts to support a finding of

plausible claim). In particular, Plaintiff fails to provide information about the crime for which he was arrested, which the Court needs to balance alongside the other factors to determine whether a plausible claim of excessive force was plead.[2]

### IV. CONCLUSION

For the reasons explained above, Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 17, 2022**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 17, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] This information is also important because federal courts have a duty to not interfere with ongoing state proceedings unless extraordinary circumstances exist. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Moreover, the Court cannot hear claims under § 1983 where judgment in favor of an incarcerated plaintiff would necessarily imply the invalidity of his sentence or conviction unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Excessive force claims can have these effects. *See, e.g., Cook v. Las Vegas Metro. Police Dep't*, 2022 U.S. Dist. LEXIS 104842, at *4-8 (D. Nev. June 10, 2022). The Court does not have enough information before it at this juncture to determine if and how *Younger* and/or *Heck* might apply to the claim alleged.