UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Skyler Dean Fawver,

        Plaintiff

v.

Nye County Sheriff's Office, *et al.*,

        Defendants

Case No.: 2:22-cv-00914-CDS-NJK

**Order Adopting Report and Recommendation of the Magistrate Judge**

[ECF No. 21]

      Pro se plaintiff Skyler Fawver brings this action alleging civil rights violations arising from his arrest by Deputy Eric Anderson of the Nye County Sheriff's Department. This case was administratively closed pending resolution of Fawver's state court criminal case. ECF No. 17. Now that the charges against him have been dismissed, Fawver moves to reopen the case. ECF No. 20. Magistrate Judge Nancy Koppe granted Fawver's motion to reopen this case and screened the amended complaint. Order, ECF No. 21. In the report and recommendation (R&R), Judge Koppe recommends that part of Fawver's complaint be dismissed with prejudice and the other part be allowed to proceed against Anderson. *Id.* at 3–6.

      Under the local rules, Fawver had 14 days (until August 30, 2023) to file any objections to the R&R. LR IB 3-1(a). As of the date of this order, no objections are filed. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). I nonetheless reviewed the complaint and agree with Judge Koppe's recommendation to dismiss the unreasonable search claim with prejudice. Fawver cannot plausibly allege that he had any reasonable expectation of privacy in a driveway, which was not enclosed from the public street by any barrier. *See United States v. Humphries*, 636 F.2d 1172, 1179 (9th Cir. 1980); *see also Reese-Bey v. Ochoa*, 2021 WL 7184971,

at *4 (C.D. Cal. Dec. 29, 2021), *report and recommendation adopted*, 2022 WL 577257 (C.D. Cal. Feb. 9, 2022) ("[Plaintiffs] cannot plausibly allege that they had any reasonable expectation of privacy in their driveway, which is visible from the public street."). Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). Here, I find that no amendment can cure the defects in Fawver's claim because there is no legitimate, reasonable expectation of privacy in an unobstructed public area, so amendment would be futile.

## Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's report and recommendation [ECF No. 21] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that Fawver's unreasonable search claim **is DISMISSED** with prejudice.

IT IS FURTHER ORDERED that Fawver may proceed on the excessive force claim against defendant Eric Anderson.

DATED: September 18, 2023

_____
Cristina D. Silva
United States District Judge